Johnny Mack **JACKSON**

v.

**STATE.**

**4 Div. 319.**

Supreme Court of Alabama.

Aug. 6, 1970.

Rehearing Denied Sept. 3, 1970.

———◆———

Smith & Smith, Dothan, Jackson W. Stokes, Elba, for appellant.

MacDonald Gallion, Atty. Gen., David W. Clark, Asst. Atty. Gen., for the State.

HARWOOD, Justice.

Pursuant to the directions contained in our remandment of this case to the lower court, the lower court entered an order that a hearing be had on 28 April 1970, to ascertain the matters dealt with in our remandment of this case. The court further ordered that the officials having custody of the appellant have him present at the hearing, and that the district attorney subpoena the four jurors who had been disqualified to be present at the hearing.

The hearing was conducted on the day set. The appellant and his attorneys and the district attorney were present. The four jurors were examined.

The testimony of each of the jurors was to the effect that regardless of the evidence, the juror would not, under any circumstance, ever vote to impose a sentence of death. Each testified that was his view at the date of the trial, and is yet his view.

In other words, the testimony of the jurors showed each of them to be inherently opposed to the infliction of a death sentence no matter what the evidence might be as to the nature of a crime and the manner in which it may have been committed.

After the hearing, the court entered an order finding and adjudging that each of the jurors had a fixed opinion against capital punishment at the time of the trial, "and that each of them would automatically vote against the imposition of capital punishment without regard to any evidence that might be produced at the trial. The challenge to each juror was properly sustained."

A full record of all the proceedings at the hearing was forwarded to this court, and briefs by counsel for the appellant, and by the state, have been filed.

The findings and order of the court that the challenges by the state to each of the

four jurors who had made known that they had a "fixed opinion" against capital punishment were properly sustained, were fully supported by the testimony of jurors at the hearing below.

The testimony of each of the jurors made it abundantly clear that he was "irrevocably committed, before the trial has begun, to vote against the penalty of death regardless of the facts and circumstances that might emerge in the course of the proceedings" and would "automatically vote against the imposition of capital punishment no matter what the trial might reveal * * *" See Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776; Boulden v. Holman, Warden, 394 U.S. 478, 89 S.Ct. 1138, 22 L.Ed.2d 433.

In view of the testimony of the jurors in the hearing below demonstrating their irrevocable commitment to vote against the infliction of capital punishment, regardless of the facts and circumstances that might be shown by the evidence, we hold that an entirely sufficient basis was established for sustaining the challenge to each of the jurors because of his opposition to the infliction of the death penalty under any circumstance.

In our opinion written in this case we were clear to the conclusion that no error permeated this record other than error possibly resulting from sustaining the state's challenges to the four jurors because of their general statements of fixed opinions against capital punishment. The hearing after remandment has eliminated this possible source of error.

The judgment is therefore due to be affirmed, and it is so ordered.

Affirmed.

All Justices concur.